**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| ANGEL MARIE LUCAS | : | Case No. 1:22-cv-741 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Judge Douglas R. Cole |
| | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| TROOPER NICHOLAS LEWIS, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

---

**ORDER ON PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS***
**AND REPORT AND RECOMMENDATIONS ON INITIAL REVIEW**

---

Plaintiff Angel Marie Lucas, a pre-trial detainee[1] proceeding without counsel, filed an action alleging violations of her civil rights. (ECF No. 1-1.) The matter is currently before the undersigned Magistrate Judge on Plaintiff's motion to proceed in forma pauperis (ECF No. 1), and to conduct the initial screen required by law. 28 U.S.C. § 1915A(a).

For the reasons stated below, the undersigned **ORDERS** that the motion to proceed in forma pauperis be **GRANTED**. The undersigned **RECOMMENDS** that the following claims be **DISMISSED with prejudice**: (1) all claims against Judge John Doe 1 and Judge John Doe 2, (2) the fruit of the poisonous tree claim, and (3) the false evidence claim to the extent it is based on the testimony of Defendant Trooper Nicholas Lewis ("Trooper Lewis"). The undersigned **RECOMMENDS** that Plaintiff's claims of excessive bail, racial profiling and the right to travel be **DISMISSED without prejudice**. Finally, the undersigned recommends that this matter be

---

[1] Plaintiff is currently in custody at Scioto County Jail and is scheduled for trial on February 13, 2023. *See* Scioto County Court of Common Pleas Website, available at https://sciotocountycpcourt.org/eservices/searchresults.page (accessed Jan. 13, 2023) (indicating Plaintiff is incarcerated under case number 2022 CR 652).

**STAYED** as to Plaintiff's remaining claims against Trooper Lewis and Trooper John Doe

("Trooper Doe") because of the doctrine of *Younger* abstention.

## I.    PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS IS GRANTED.

Plaintiff filed a motion to proceed *in forma pauperis* and without the prepayment of fees, and attached the required affidavit and institutional trust account statements. ("IFP Motion," ECF No. 1). The Court has reviewed and **GRANTS** Plaintiff's IFP Motion. It is **ORDERED** that Plaintiff be allowed to prosecute this action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the required costs had been prepaid.

Plaintiff is still required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1914. Because she is permitted to proceed *in forma pauperis*, Plaintiff is not required to pay the Court's $52 administrative fee. See Judicial Conference Schedule of Fees, No. 14 (issued in accordance with 28 U.S.C. § 1914), available at https://www.uscourts. gov/services-forms/fees/district-court-miscellaneous-fee-schedule (accessed Oct. 25, 2022).

Plaintiff has established that she does not have sufficient funds to pay the entire filing fee at this time. Therefore, in accordance with Section 804(a)(3) of the Prison Litigation Reform Act of 1995, Plaintiff must pay an initial partial filing fee of 20 percent of the greater of the average monthly deposits to her prison account or the average monthly balance in her account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, Plaintiff is further required to make monthly payments of 20 percent of the preceding month's income credited to her prison account until she pays the full amount of the filing fee. 28 U.S.C. § 1915(b)(2).

The custodian of Plaintiff's inmate trust account at the institution of her residence is therefore **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of:

(a) the average monthly deposits to the inmate trust account; or

(b) the average monthly balance in the inmate trust account, for the six months immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1).

The custodian is **ORDERED** to complete and to submit to the Clerk of Court in Cincinnati, Ohio the attached form showing his calculation of the initial partial filing fee. The custodian is further **ORDERED** to forward from Plaintiff's prison account to the Clerk of Court located in Cincinnati, Ohio the initial partial filing fee, as funds become available in Plaintiff's account until the initial filing fee is paid. Even if the account is under ten dollars ($10.00), the custodian must still forward payments to the Clerk of Court to pay the initial filing fee.

Once the initial partial filing fee is paid, the custodian shall forward to the Clerk of Court located in Cincinnati, Ohio monthly payments of 20% of the inmate's preceding monthly income credited to the account if, during that month, the balance of that account exceeds $10, until the full fee of $350 has been paid. 28 U.S.C. § 1915(b)(2); *see McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). If Plaintiff is transferred to another institution, the current custodian should forward this Order to that institution so that the new custodian of Plaintiff's account can collect and remit the monthly partial payment. Checks are to be made payable to "Clerk, U.S. District Court" and sent to:

> Prisoner Accounts Receivable
> 103 Potter Stewart United States Courthouse
> 100 East 5th Street
> Cincinnati, Ohio  45202

> ***The prisoner's name and this case number must be included on each remittance.***

3

The Clerk of Court is **DIRECTED** to mail copies of this Order to Plaintiff and to the prison cashier's office.

## II.   REPORT AND RECOMMENDATIONS FOLLOWING INITIAL REVIEW

### A. Standard

Because Plaintiff is a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity," and is also incarcerated, the Court is required to conduct an initial screen of her Complaint. 28 U.S.C. § 1915A(a). The Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A complaint is frivolous if the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or 'wholly incredible.'" *Denton*, 504 U.S. at 32; *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional," *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010), or "clearly irrational or wholly incredible." *Ruiz v. Hofbauer*, 325 F. App'x 427, 429-30 (6th Cir. 2009) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

To state a claim for relief, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must construe the complaint in plaintiff's favor, accept all well-pleaded factual allegations as true, and

evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). A complaint that consists of mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555).

In the interest of justice, this Court is required to construe a pro se complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and citing Fed. R. Civ. P. 8(f)). Even with such a liberal construction, however, a pro se complaint must still adhere to the "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Specifically, a pro se "complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory.'" *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

## B. Background

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. The Complaint details a series of events leading up to and through Plaintiff's arrest and detention on the evening of October 23, 2022. (ECF No. 1-1, at PAGEID 20–21, 23, 25.) Plaintiff alleges she was pretextually followed, unlawfully stopped, unlawfully searched, drugs were planted in her vehicle, and she was falsely arrested by Trooper Lewis. (*Id.* at PAGEID 21.) She alleges that Trooper Doe was present for part of the stop and participated in the alleged illegal search of her vehicle and belongings. (*Id.*)

Plaintiff alleges that she was charged with "DUS/RESTRICTION; SEAT BELT-DRIV; and TRAFFICKING" and was held on what she characterizes as an unreasonable $100,000 bond by an unnamed judge at a criminal proceeding in state court.[2] (ECF No. 1-1, at PAGEID 23, 25.) Plaintiff also challenges these charges and the evidence being used against her. (*Id.* at PAGEID 17, 23, 25.) She alleges that at her preliminary hearing on October 27, 2022, Trooper Lewis provided false testimony to the state court, resulting in false charges being brought against her and no reduction of her $100,000 bond. (*Id.* at PAGEID 25.) She alleges that Trooper Lewis and Trooper Doe unlawfully obtained and fabricated the evidence against her and that she remains illegally incarcerated with no indictment and no discovery. (*Id.*)

In her Complaint, Plaintiff asserts the following claims against Trooper Lewis, Trooper Doe, Judge John Doe 1 and Judge John Doe 2, but does not specify which claims are asserted against each Defendant:

1. Racially Profile
2. Freedom to travel
3. Freedom from unreasonable search and seizure
4. Police misconduct
5. Tampering with evidence
6. False charges
7. Excessive Bail
8. Up charging "double jeopardy"
9. False evidence
10. Interrogating while on a traffic stop
11. Planting evidence
12. Fruit from a poisonus [sic] tree

(ECF No. 1-1, at PAGEID 17.) Plaintiff requests the following relief: (1) review of Trooper Lewis' past history and any evidence provided by him; (2) to have Trooper Lewis fired or

---

[2] The Court may take judicial notice of proceedings in its own and other courts of record. *See Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82 83 (6th Cir. 1969)).

6

otherwise reprimanded; and (3) $400,000 per day in damages since her detention on October 23, 2022. (*Id.* at PAGEID 27.)

## C.  Recommendations Based On Initial Review Of Plaintiff's Complaint

### 1.  Claims recommended to be dismissed with prejudice

#### a.  *All claims against the Doe Judges*

Plaintiff names two judges, who she identifies as Judge John Doe 1 and Judge John Doe 2 (collectively the "Doe Judges"), as Defendants. (ECF No. 1-1 at PAGEID 14, 19, 23, 25.) They presumably are the judge who presided over the October 24, 2022, hearing and issued her allegedly excessive $100,000 bond, and the judge who presided over her October 27, 2022, preliminary hearing and did not reduce her bond. (*Id.* at PAGEID 25.) The undersigned construes Plaintiff's Complaint as asserting claims against the Doe Judges based on their acts of setting an excessive bond and allowing Trooper Lewis to provide testimony that Plaintiff alleges is false.

Plaintiff's claims against the Doe Judges should be dismissed with prejudice because these Defendants are immune from suit. It is well-established that judges are absolutely immune from damages for acts they commit in their judicial capacity. *Pierson v. Ray*, 386 U.S. 547 (1967); *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997). Judges have absolutely immunity even if they act maliciously or corruptly, as long as they performed judicial acts and had subject matter jurisdiction over the lawsuit. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *see also Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004); *Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001); *King v. Love*, 766 F.2d 962 (6th Cir. 1985). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity can only be overcome if the actions taken were not within

the judge's judicial capacity, or if the actions, "though judicial in nature, [were] taken in the complete absence of all jurisdiction." *Id.*

A review of Plaintiff's Complaint reveals that these rare exceptions do not apply here. Plaintiff has based her claims against the Doe Judges on acts they allegedly took while presiding over hearings and setting or affirming Plaintiff's bond. Plaintiff also has not alleged any facts that would indicate either of the Doe Judges acted "in the complete absence of all jurisdiction." Since the Doe Judges are absolutely immune from civil liability in this matter, the undersigned **RECOMMENDS** that all claims against the Doe Judges be **DISMISSED with prejudice**.

### b. *Fruit of the poisonous tree claim*

The "fruit of the poisonous tree" doctrine is an evidentiary rule used in criminal cases to suppress evidence that was obtained in violation of the U.S. Constitution. Although the Sixth Circuit has not considered whether this doctrine may be used in a civil case brought under Section 1983, the Second Circuit has considered this issue and concluded that it is not available. *Townes v. City of New York*, 176 F.3d 138, 145 (2d Cir. 1999). Reasoning that the fruit of the poisonous tree doctrine is an evidentiary rule used only in criminal cases, the Second Circuit concluded: "We find no case in which the doctrine has been successfully invoked to support a Section 1983 claim, and we see no reason why it could be." *Id*. The undersigned finds the *Townes* case to be persuasive and therefore **RECOMMENDS** that Plaintiff's fruit of the poisonous tree claim be **DISMISSED with prejudice.**

### c. *False evidence claim based on Trooper Lewis's testimony*

While it is unclear which factual allegations support Plaintiff's "false evidence" claim, to the extent that this claim is based upon Trooper Lewis's testimony at the preliminary hearing, it should be dismissed. "It is well-settled that witnesses are granted absolute immunity from suit

for all testimony provided in judicial proceedings." *Spurlock v. Satterfield,* 167 F.3d 995, 1001 (6th Cir.1999) (citing *Briscoe v. LaHue,* 460 U.S. 325, 330–31, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983)). This absolute immunity applies even to "egregious or perjurious" testimony. *Id.* It extends to an officer's allegedly false testimony at a preliminary hearing. *See Thurmond v. Cnty. of Wayne,* 447 F. App'x. 643, 653 (6th Cir. 2011). Thus, to the extent that Plaintiff bases this claim upon Trooper Lewis's testimony at her pretrial hearing, he has absolute immunity. The undersigned therefore **RECOMMENDS** that Plaintiff's false evidence claim against Trooper Lewis be **DISMISSED with prejudice** to the extent that it is based upon his testimony at Plaintiff's preliminary hearing.

## 2. Claims recommended to be dismissed without prejudice

### a. *Excessive bond claim*

Plaintiff alleges that on October 24, 2022, a judge set what Plaintiff deems an excessive bond of $100,000, and that a second judge did not lower the bond at a preliminary hearing on October 27, 2022. ECF No. 1-1, at PAGEID 17, 25.) An excessive-bond claim is not cognizable under Section 1983 because it constitutes a "challenge to the fact or duration of the plaintiff's confinement." *Sauers v. Montgomery Cty. Jail*, No. 3:22-CV-00702, 2022 WL 16825169, at *3 (M.D. Tenn. Nov. 8, 2022) (citing *Atkins v. People of State of Mich.*, 644 F.2d 543, 549 (6th Cir. 1981) (citations omitted) ("The protection against unreasonable bail pending trial has been found by the federal courts to be one of the few rights ... whose vindication may be asserted prior to trial, either by direct appeal of an adverse interlocutory order or by a petition for habeas corpus.")). Instead, the proper procedure for challenging the amount of bond is by a petition for habeas corpus. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). Accordingly, the Court **RECOMMENDS** Plaintiff's excessive-bond

claim be **DISMISSED** without prejudice to refiling in a habeas corpus petition following the required exhaustion of state court remedies.[3]

### b. *Racial profiling and right to travel claims*

Plaintiff asserts claims of racial profiling and the right to travel. (ECF No. 1-1 at PAGEID 17.) Because Plaintiff has not alleged facts to support these claims, the undersigned recommends that they be dismissed without prejudice.

Plaintiff has not supported her right to travel claim with any factual allegations. A "complaint must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is presented and if so what it is." *Ellis v. Santander Consumer USA*, No. 13-2099-JDT-TMP, 2013 WL 3753624, at *3 (W.D. Tenn. July 15, 2013) (quoting *Jennings v. Emry,* 910 F.2d 1434, 1436 (7th Cir.1990)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. *See also Saenz v. Roe*, 526 U.S. 489, 119 S.Ct. 1518, 143 L.Ed.2d 689 (1999) (discussing limitations on the constitutional right to interstate travel). Because Plaintiff has failed to state a claim for relief under Rule 12(b)(6), the undersigned **RECOMMENDS** that the Court **DISMISS** her right to travel claim **without prejudice**.

Plaintiff has similarly failed to support her racial profiling claim with factual allegations that are sufficient to state a claim for relief. Plaintiff's sole allegation is that when she was stopped, she was alone with "(2) white troopers," which may indicate that she herself is non-white. (ECF No. 1-1 at PAGEID 17, 23). But Plaintiff alleges no additional facts that would

---

[3] A pretrial detainee "must exhaust all available state court remedies" prior to seeking habeas relief in federal court under 28 U.S.C. § 224. *Phillips v. Ct. of Common Pleas, Hamilton Cty., Ohio*, 668 F.3d 804, 809 (6th Cir. 2012) (citing *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008)).

support a claim of racial profiling. Because Plaintiff has failed to state a claim for relief under Rule 12(b)(6), the undersigned **RECOMMENDS** that the Court **DISMISS** her racial profiling claim **without prejudice**.

### 3.  Claims Recommended To Be Stayed Under *Younger* Abstention

Plaintiff alleges that Trooper Lewis followed her for several miles before he pulled her over without probable cause and claimed that she failed to use her turn signal, which she denies. (ECF No. 1-1, at PAGEID 21, 23.) Plaintiff alleges that Trooper Lewis then removed her from her vehicle and, with the assistance of Trooper Doe, searched her person, her possessions, and her vehicle under false pretenses, claiming that he smelled marijuana in the vehicle. (*Id.*) Plaintiff alleges that Trooper Lewis and/or Trooper Doe then "planted" cocaine in her vehicle, interrogated her, and arrested her for possession of the planted drugs. (*Id.*)

Based on these allegations, Plaintiff asserts these remaining claims against Troopers Lewis and Doe: (1) unreasonable search and seizure; (2) police misconduct; (3) tampering with evidence; (4) false charges; (5) double jeopardy; (6) false evidence[4]; (7) interrogating while on a traffic stop; and (8) planting evidence. (ECF No. 1-1 at 17.) Plaintiff apparently contends that the initial alleged constitutional violation—being stopped without probable cause—led to the allegedly unlawful search and seizure, interrogation, and arrest. Plaintiff also challenges the evidence procured as a result of the stop and her arrest, which she alleges provides the basis for the charges against her and may be used at her upcoming state-court trial. (ECF No. 1-1 at PAGEID 17, 20–21, 23, 25.)

---

[4] The undersigned analyzes this claim to the extent that it is not based upon Trooper Lewis's testimony at Plaintiff's preliminary hearing, which is addressed earlier in this opinion.

At this stage in the proceeding, the undersigned concludes that it is premature to assess whether these remaining claims against Troopers Lewis and Doe survive initial review—for example, whether they survive dismissal under the *Heck v. Humphrey* doctrine—and recommends that the Court instead stay these claims under the doctrine of *Younger* abstention. Specifically, because Plaintiff's state court criminal proceeding is currently underway, this Court should abstain from further review until after the underlying state court matter is resolved under the United State Supreme Court's directive in *Younger v. Harris*, 401 U.S. 37 (1971).

Absent extraordinary circumstances, federal courts may not interfere with pending state criminal proceedings in order to entertain constitutional challenges to those state proceedings. *Younger v. Harris*, 401 U.S. 37, 44-45 (1971). Under the *Younger* abstention doctrine, a federal court must abstain if "(1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceeding will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir. 1995).

All the required elements for *Younger* abstention are met here. The first *Younger* element is met because state criminal proceedings are currently pending against Plaintiff in the Common Pleas Court of Scioto County, Ohio, Case Nos. 22CR000652 (trafficking in cocaine, possession of cocaine, possession of marijuana and possessing criminal tools in violation of Ohio Revised Code Sections 2925.03, 2925.11 and 2923.24) and 22CR000653 (driving under suspension in violation of Ohio Revised Code Section 4510.11). The second *Younger* element is met because "the prosecution of crimes implicates the important state interests of interpreting statutes and maintaining law and order within a state." *Hill v. Welsh*, Nos. 21-1759/1784, 2022 U.S. App. LEXIS 17608, *3 (6th Cir. June 24, 2022). The third *Younger* element is met because Plaintiff

12

has not demonstrated that she is unable to raise her constitutional challenges in the pending state-court criminal proceedings.

The undersigned further finds that none of the exceptions to *Younger* abstention applies. Extraordinary circumstances that excuse abstention include "great and immediate" irreparable injury, state law that is "flagrantly and patently violative of express constitutional prohibitions," or "bad faith, harassment, or any other unusual circumstance that would call for equitable relief." *Mitchum v. Foster*, 407 U.S. 225, 230 (1972). These exceptions are narrowly interpreted by the Supreme Court and the Sixth Circuit. *Kalniz v. Ohio State Dental Bd.*, 699 F. Supp. 2d 966, 973 (S.D. Ohio 2010) (citations omitted).

Plaintiff makes no argument that the underlying state laws violate the United States Constitution and does not allege any other "unusual circumstances" requiring equitable relief.[5] Therefore, this Court need only address the bad faith exception, the application of which is extremely rare. *See Tindall v. Wayne Cnty. Friend of Ct.*, 269 F.3d 533, 539 (6th Cir. 2001). It applies "[o]nly in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and … in other extraordinary circumstances where irreparable injury can be shown." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971).

Here, while Plaintiff alleges improper pretextual motivations for the traffic stop, warrantless search and her subsequent arrest, as well as the planting of evidence and false testimony, none of the allegations rise to the level of egregious bad faith or harassment required for an exception to *Younger* abstention. Therefore, this Court must abstain from ruling on Plaintiff's remaining claims under *Younger*.

---

[5] For "unusual circumstances" to provide an exception to *Younger* abstention, a plaintiff must show "circumstances ... [that are] 'extraordinary' in the sense of creating an extraordinarily pressing need for immediate federal equitable relief, not merely in the sense of presenting a highly unusual factual situation." *Moore v. Sims*, 442 U.S. 415, 433 (1979) (quoting *Kugler v. Helfant*, 421 U.S. 117 (1975)).

Having concluded that *Younger* abstention applies, the Court must now determine whether to stay or dismiss Plaintiff's remaining claims. "Whether the plaintiff[ ] seek[s] a legal versus an equitable remedy controls how the district court disposes of the case after holding that the *Younger* doctrine applies to it." *Nimer v. Litchfiled Tp. Bd. of Trustees,* 707 F.3d 699, 702 (6th Cir. 2013). When a plaintiff seeks an equitable remedy, the district court may exercise its discretion to dismiss the action without prejudice. *Louisville Country Club v. Ky. Comm'n on Human Rights,* 221 F.3d 1335 (Table), 2000 WL 921015, *1 (6th Cir. June 26, 2000). When a plaintiff seeks a purely legal remedy, however, the court should stay the action. *Nimer,* 707 F.3d at 702 (citing *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 731 (1996)); *James v. Hampton,* 513 Fed. Appx. 471, 478 (6th Cir. 2013).

Here, Plaintiff seeks both equitable (firing or reprimanding Trooper Lewis) and legal ($400,000 per day in damages) remedies. (ECF No. 1-1 at PAGEID 27.) Plaintiff's monetary demand requires a stay of all remaining claims under *Younger*. *Nimer*, 707 F.3d at 702. A stay "avoids the cost of refiling, allows the plaintiffs to retain their place on the court docket, and avoids placing plaintiff[ ] in a potentially difficult position of refiling [her] case before the statute of limitations expires." *Brindley v. McCullen,* 61 F.3d 507, 509 (6th Cir.1995).

As such, the Court **RECOMMENDS** that Plaintiff's remaining claims against Troopers Lewis and Doe be **STAYED** pending resolution of the underlying state criminal proceedings.

## III.    CONCLUSION

### A.    Order On Plaintiff's IFP Motion

Plaintiff's motion to proceed in forma pauperis is **GRANTED**.

The custodian of Plaintiff's inmate trust account at the institution of her residence is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District

14

of Ohio as an initial partial payment, 20% of the greater of: (a) the average monthly deposits to the inmate trust account; or (b) the average monthly balance in the inmate trust account, for the six months immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1).

The custodian is **ORDERED** to complete and to submit to the Clerk of Court in Cincinnati, Ohio the attached form showing his calculation of the initial partial filing fee.

The custodian is **ORDERED** to forward from Plaintiff's prison account to the Clerk of Court located in Cincinnati, Ohio the initial partial filing fee, as funds become available in Plaintiff's account until the initial filing fee is paid. Even if the account is under ten dollars ($10.00), the custodian must still forward payments to the Clerk of Court to pay the initial filing fee. The custodian shall forward to the Clerk of Court located in Cincinnati, Ohio monthly payments of 20% of the inmate's preceding monthly income credited to the account if, during that month, the balance of that account exceeds $10, until the full fee of $350 has been paid. 28 U.S.C. § 1915(b)(2); *see McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). If Plaintiff is transferred to another institution, the current custodian should forward this Order to that institution so that the new custodian of Plaintiff's account can collect and remit the monthly partial payment. Checks are to be made payable to "Clerk, U.S. District Court" and sent to:

> Prisoner Accounts Receivable
> 103 Potter Stewart United States Courthouse
> 100 East 5th Street
> Cincinnati, Ohio  45202

***The prisoner's name and this case number must be included on each remittance.***

The Clerk of Court is **DIRECTED** to mail copies of this Order to Plaintiff and to the prison cashier's office.

**B.      Report And Recommendations Following Initial Review**

Having conducted the initial screen required by law, the undersigned **RECOMMENDS**
that the following claims be **DISMISSED with prejudice**: (1) all claims against Judge John Doe
1 and Judge John Doe 2, (2) the fruit of the poisonous tree claim, and (3) the false evidence
claim to the extent it is based on the testimony of Trooper Nicholas Lewis.

The undersigned **RECOMMENDS** that Plaintiff's claims of excessive bail, racial
profiling and the right to travel be **DISMISSED without prejudice**.

The undersigned recommends that this matter be **STAYED** as to Plaintiff's remaining
claims against Troopers Lewis and Doe because of the doctrine of *Younger* abstention.

The undersigned further **RECOMMENDS** that the District Judge find that any appeal in
this matter by Plaintiff would not be taken in good faith, and that Plaintiff may not proceed on
appeal *in forma pauperis*.

Plaintiff is reminded that she must keep this Court informed of her current address and
promptly file a notice of her new address if she is released or transferred to a different institution.


**IT IS SO ORDERED AND RECOMMENDED.**


January 17, 2023                                       */s/ Caroline H. Gentry*
                                                       Caroline H. Gentry
                                                       UNITED STATES MAGISTRATE JUDGE

16

**<u>Procedure on Objections to Report and Recommendation</u>**

If any party objects to this Report and Recommendation, that party may, **<u>within fourteen (14) days</u>** of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

## CALCULATION OF INITIAL PARTIAL FILING FEE

Prisoner's name: _____

Case number: _____

Average Monthly Balance $_____
      (for six-month period preceding filing of complaint or notice of appeal)

Average Monthly Deposits $_____
      (for six-month period preceding filing of complaint or notice of appeal)

Initial Partial Filing Fee $_____
      (the greater of the average monthly deposits or the average monthly balance x .20)


_____      _____
Date                             Signature