UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**ANGEL MARIE LUCAS,**

    **Plaintiff,**

  v.

**NICHOLAS LEWIS,** *et al.***,**

    **Defendants.**

Case No. 1:22-cv-741
**JUDGE DOUGLAS R. COLE**
Magistrate Judge Gentry

### ORDER

This cause is before the Court on the Magistrate Judge's January 18, 2023, Report and Recommendation ("R&R," Doc. 3) advising the Court to dismiss some portions of Plaintiff Angel Marie Lucas's Complaint and to stay others. (Doc. 4). For the reasons discussed below, the Court **ADOPTS** the R&R (Doc. 3) in full.

On August 9, 2021, Lucas moved pro se for leave to file her Complaint in forma pauperis. (Doc. 1). The Magistrate Judge granted the motion (Doc. 3, #40–42), and Lucas's Complaint was filed the same day (Doc. 4). The Magistrate Judge capably summarized Lucas's Complaint:

> Plaintiff alleges she was pretextually followed, unlawfully stopped, unlawfully searched, drugs were planted in her vehicle, and she was falsely arrested by Trooper Lewis. She alleges that Trooper Doe was present for part of the stop and participated in the alleged illegal search of her vehicle and belongings. Plaintiff alleges that she was charged with "DUS/RESTRICTION; SEAT BELT-DRIV; and TRAFFICKING" and was held on what she characterizes as an unreasonable $100,000 bond by an unnamed judge at a criminal proceeding in state court.
> Plaintiff also challenges these charges and the evidence being used against her. She alleges that at her preliminary hearing on October 27, 2022, Trooper Lewis provided false testimony to the state court,

> resulting in false charges being brought against her and no reduction of her $100,000 bond. She alleges that Trooper Lewis and Trooper Doe unlawfully obtained and fabricated the evidence against her and that she remains illegally incarcerated with no indictment and no discovery.
> In her Complaint, Plaintiff asserts the following claims against Trooper Lewis, Trooper Doe, Judge John Doe 1 and Judge John Doe 2, but does not specify which claims are asserted against each Defendant:
>
> 1. Racially Profile
> 2. Freedom to travel
> 3. Freedom from unreasonable search and seizure
> 4. Police misconduct
> 5. Tampering with evidence
> 6. False charges
> 7. Excessive Bail
> 8. Up charging "double jeopardy"
> 9. False evidence
> 10. Interrogating while on a traffic stop
> 11. Planting evidence
> 12. Fruit from a poisonus [sic] tree
>
> Plaintiff requests the following relief: (1) review of Trooper Lewis' past history and any evidence provided by him; (2) to have Trooper Lewis fired or otherwise reprimanded; and (3) $400,000 per day in damages since her detention on October 23, 2022.

(Doc. 3, #43–45 (citing Doc. 1, #20–27) (internal citations omitted)). The Magistrate Judge further took judicial notice that Lucas's state criminal proceedings remained pending at the time she issued her R&R. (*Id.* at #44, 49).

After screening Lucas's Complaint under 28 U.S.C. § 1915(e), the Magistrate Judge issued the R&R (Doc. 3) on January 18, 2023. After construing Lucas's Complaint liberally, the R&R concluded the Court should dismiss or stay each of Lucas's claims. First, the R&R concluded the Court should dismiss with prejudice Lucas's claims against the Doe Judges, because of judicial immunity. (*Id.* at #45–46). Second, the Court should dismiss with prejudice Lucas's "fruit of the poisonous tree" claim as not cognizable under § 1983. (*Id.* at #46). Third, the Court should dismiss

2

with prejudice her claim against Trooper Lewis for testimony he provided at the preliminary hearing, because of absolute immunity. (*Id.* at #46–47). Fourth, the Court should dismiss without prejudice Lucas's excessive bail claim to be exhausted and then refiled in a habeas petition. (*Id.* at #47–48). Fifth and sixth, the Court should dismiss without prejudice Lucas's racial profiling and right to travel claims as not plausibly alleged under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). (*Id.* at #48–49). Finally, Lucas's remaining claims relate to, and so may interfere with, Lucas's ongoing state criminal proceedings. (*Id.* at #49–52). Therefore, the R&R advised the Court to stay these claims under *Younger v. Harris*, 401 U.S. 37 (1971) until the proceedings' resolution. (*Id.* at #52).

Beyond recommending the Court dismiss some claims and stay others, the R&R advised Lucas that failing to object within the 14 days specified in the R&R may cause forfeiture of rights on appeal, which includes the right to District Court review. (*See id.* at #55); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R&R ... is forfeiture"); 28 U.S.C. § 636(b)(1)(C). Lucas did not object, and the time to do so has long since passed.

But the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face

3

of the record in order to accept the recommendation." *See also Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (citing cases).

Consistent with that admonition, the Court has reviewed the R&R and determined that it does not contain "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes). Judicial immunity protects the Doe Judges, *see Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997), "fruit of the poisonous tree" does not provide a cognizable claim under § 1983, *see Townes v. City of New York*, 176 F.3d 138, 145 (2d Cir. 1999),[1] and absolute immunity protects Trooper Lewis's statements made in court as testimony provided in a judicial proceeding, *see Spurlock v. Satterfield*, 167 F.3d 995, 1001 (6th Cir. 1999). The Court must dismiss all these claims with prejudice.

As for her excessive bail claim, Lucas may press that claim in habeas but not through § 1983, meaning the Court should dismiss the claim without prejudice to be exhausted. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus."); *Atkins v. People of State of Mich.*, 644 F.2d 543, 549 (6th Cir. 1981) ("The protection against unreasonable bail pending trial [is] one of the few rights …

---

[1] True, the Sixth Circuit has never held in a published opinion that the exclusionary rule cannot be used in a civil action under § 1983. But basically every court to address the issue has. *See, e.g.*, *Howell v. Ohio State Highway Patrol Subdivision*, No. 1:18-cv-510, 2019 WL 6465508, at *6 (S.D. Ohio Dec. 2, 2019), *report and recommendation adopted*, No. 1:18-cv-510, 2020 WL 33127 (S.D. Ohio Jan. 2, 2020) ("Although the Sixth Circuit has yet to address the issue in a published decision, both this Court and other courts within the Sixth Circuit have reached the same conclusion as the Second Circuit.") (collecting cases); *Padilla v. Miller*, 143 F. Supp. 2d 479, 491 (M.D. Pa. 2001) ("[T]he courts that have addressed the issue have uniformly concluded that the exclusionary rule is not applicable in a § 1983 action.") (collecting cases). The R&R did not commit clear error in reaching the same conclusion.

whose vindication may be asserted prior to trial, either by direct appeal of an adverse interlocutory order or by a petition for habeas corpus." (citation omitted)).

On the other hand, Lucas's racial profiling and freedom of travel claims are cognizable under § 1983. *See United States v. Avery*, 137 F.3d 343, 355 (6th Cir. 1997) (discussing the constitutional right to be free from racial profiling); *Saenz v. Roe*, 526 U.S. 489, 500–03 (1999) (discussing the constitutional right to travel). But a plaintiff still must plausibly allege those claims. *Iqbal*, 556 U.S. at 678. The Court agrees Lucas has not done so here. The Court should dismiss these claims without prejudice.

That leaves Lucas's remaining claims: (1) unreasonable search and seizure; (2) police misconduct; (3) tampering with evidence; (4) false charges; (5) double jeopardy; (6) false evidence; (7) interrogating while on a traffic stop; and (8) planting evidence. (Doc. 4, #60). Each directly relates to Lucas's pending state criminal proceedings. Accordingly, the R&R concluded the *Younger v. Harris* doctrine applies and the Court should abstain from hearing these claims while the state proceedings play out. (Doc. 3, #50–52). The Court agrees.

As Lucas seeks both monetary and injunctive relief, the Could will stay this case until the state proceedings' conclusion. *See Nimer v. Litchfield Twp. Bd. of Trs.*, 707 F.3d 699, 702 (6th Cir. 2013); *Gray v. Bush*, 628 F.3d 779, 785 (6th Cir. 2010) ("In the context of a complaint seeking 'both equitable [relief] and money damages,' as in this case, 'a federal court's discretion to abstain from exercising jurisdiction does not extend so far as to permit a court to dismiss or remand, as opposed to stay, an action

5

at law.'" (quoting *Superior Beverage Co. v. Schieffelin & Co.*, 448 F.3d 910, 913 (6th Cir. 2006))).

In short, the Court **ADOPTS** the R&R (Doc. 3) in full. Thus, the Court **DISMISSES WITH PREJUDICE** all claims against Judge John Doe 1 and Judge John Doe 2, the fruit of the poisonous tree claim, and the false evidence claim to the extent it is based on the Trooper Nicholas Lewis's court testimony. Next, the Court **DISMISSES WITHOUT PREJUDICE** Lucas's excessive bail, racial profiling, and the right to travel claims. And the Court **STAYS** the case pending the state court proceedings' conclusion as to Lucas's unreasonable search and seizure, police misconduct, tampering with evidence, false charges, double jeopardy, false evidence, interrogating while on a traffic stop, and planting evidence claims.

The Court **ORDERS** Lucas to file a notice with this Court within fourteen (14) days of the conclusion of her underlying state court criminal proceedings (including any appeals). In addition, the Court **ORDERS** Lucas to file a status report with the Court on the status of her state court proceedings no later than June 1, 2023 (if the proceedings are not completed before then) and every six months after throughout the pendency of this stay. If Lucas fails to do so, the Court may find she has failed to prosecute her case and dismiss her remaining claims.

Finally, if and when Lucas notifies the Court that her state court proceedings have concluded, the Court **ORDERS** the Magistrate Judge to screen her remaining claims under 28 U.S.C. § 1915(e).

6

**SO ORDERED.**

February 22, 2023
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**